447 F.Supp. 978 (1978)
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Applicant,
v.
GENERAL ELECTRIC COMPANY MEDICAL SYSTEMS DIVISION, Respondent.
No. 76-C-523.
United States District Court, E. D. Wisconsin.
April 17, 1978.
*979 Nelson G. Alston, Dist. Counsel E. E. O. C., Milwaukee, Wis., for applicant.
Steve Enich, Charles H. Johnson, Milwaukee, Wis., for respondent.

DECISION AND ORDER
REYNOLDS, Chief Judge.
The applicant United States Equal Employment Opportunity Commission ("EEOC"), has brought this action to enforce a subpoena duces tecum, issued to the respondent General Electric Company, Medical Systems Division ("GE"), on September 3, 1975, for the case of Elmore Marks, Jr. v. General Electric Company Medical Systems Division, TMK 5-0994, to produce certain evidence, pursuant to Section 710 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-9. The Court has jurisdiction pursuant to 42 U.S.C. §§ 2000e-5(f) and 9. The subpoena was issued in connection with an investigation by the EEOC of a charge of unlawful employment practices which had been filed against the respondent. On September 8, 1975, the respondent filed with the EEOC a petition for revocation or modification of the subpoena. It was modified in part on April 9, 1976, and respondent has subsequently refused to comply with the subpoena, as modified. The EEOC has now applied to this Court for issuance of an order to show cause why the subpoena should not be enforced. The Court, finding that it can adequately decide the matter of enforcement on the papers submitted, declines to issue an order to the respondent to show cause; and further finds that the applicant's request for enforcement of the subpoena should be granted.
Section 2000e-9 of Title 42, United States Code, provides that 29 U.S.C. § 161 shall apply to investigations conducted by the EEOC, and the latter statute authorizes the issuance of subpoenas for the production of evidence. Pursuant to 29 U.S.C. § 161(2), the federal district courts have jurisdiction to enforce such subpoenas.
Administrative agency subpoenas may be enforced if (1) the investigation to which they relate is within the authority of the agency; (2) the subpoena is not too indefinite; and (3) the information sought is reasonably relevant to the investigation. United States v. Morton Salt Company, 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950); N.L.R.B. v. Rohlen, 385 F.2d 52, 55, 56 (7th Cir. 1967). The parties do not dispute that the investigation to which the subpoena at issue in this action relates is within the authority of the EEOC, nor that the subpoena is sufficiently definite. However, the respondent does question the relevance of the information sought in the subpoena. Consequently, the Court is required to examine the nature of the charges being investigated by the EEOC, and the information sought in the subpoena.
On February 5, 1975, Mr. Elmore Marks, Jr., filed with the EEOC a charge (TMK 5-0972) of unlawful discrimination on the basis of race against GE. Mr. Marks claimed that he had been hired at a lower classification and rate of pay than was promised, while white employees were paid at the rate promised; that after he protested he was given the higher classification, but not the higher rate of pay; and that as a result of his protest he was "placed under undue surveillance and harassment, given bad evaluations and denied pay increases." On February 13, 1975, Mr. Marks filed an additional charge (TMK 5-0994) which, as amended, was officially filed with the *980 Equal Rights Division of the EEOC on June 9, 1975. In the amended charge Mr. Marks claimed:
"The above company [GE] has retaliated against me because I have opposed practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended in March, 1972 by: demoting me to a lesser paying job without justification while not treating white employees in the same manner and by laying me off for medical reasons while allowing similarily [sic] affected white employees to transfer to other positions."
A subpoena subsequently issued in case TMK 5-0994, directed to the manager of personnel practices in the Medical Systems Division of GE, ordering him to appear on September 16, 1975, and to bring with him the following documents:
"1. Written policy governing Request for Transfers. If unwritten please summarize.
"2. List of all persons requesting transfers on change in job assignments for medical reasons for the period 1970 through 1975. If too burdensome, describe in detail the method of storing such information, where such information is stored and person(s) having official care and custody of such information.
"3. List of all persons who have been discharged or have received adverse action for failure to provide medical documentation for absences for the period 1970 through 1975. If too burdensome, describe in detail the method of storing such information, including where and how the documents are stored and the person(s) having care and custody of the documents.
"4. Listing of all persons filing Workmens Compensation Claims for the period 1970 through 1975. If too burdensome, describe in detail the manner and method of storing such information including where and how the documents are stored and the person(s) having care and custody of the documents."
In its decision on GE's petition to modify or revoke the subpoena, issued March 16, 1976, the EEOC ruled that while GE had complied with item no. 1 in the subpoena and therefore enforcement of that section of the subpoena was no longer required, with respect to items no. 2 through 4 the petition was denied.
The respondent is now challenging the relevance of the information requested in items 2 through 4 of the subpoena to the allegations in charge TMK 5-0994. It claims that while "[t]he specific issue raised by the charge is whether Respondent's treatment of the charging party differs discriminatorily from its treatment of other employees who have charged Respondent with unlawful practices under Title VII of the Civil Rights Act of 1964, as amended * * * [i]n contrast, the subpoena seeks to investigate all employees, in complete disregard of the retaliation charge." [Emphasis in original.] Respondent's brief at pages 2-3. GE further claims that to permit enforcement of the subpoena would impose "an excessive, unreasonable and costly burden * * * upon a company as yet untainted except upon the allegations of one man," (respondent's brief at 9), and it requests, in the event the Court determines that the subpoena should be enforced, that the Court also condition enforcement upon payment of the costs of production by the applicant, pursuant to Rule 45(b)(2) of the Federal Rules of Civil Procedure.
The Court does not consider that the allegations in charge TMK 5-0994 are limited in the manner which respondent asserts. GE appears to be claiming that in order to investigate the retaliation charge the EEOC need look only at the manner in which GE's employees who have filed charges of discrimination have thereafter been treated by GE. It appears to be interpreting Mr. Marks' reference in his claim to "similarly [sic] affected white employees" as meaning white employees who have filed discrimination charges. The Court believes that the reference is rather to white employees with similar medical problems, and therefore that the relevant scope of the EEOC investigation would include the treatment afforded all employees with medical problems *981 similar to Mr. Marks', and not merely the treatment afforded employees who filed discrimination charges. It would seem unlikely that there are many white male employees who have filed discrimination charges against GE. Mr. Marks did not limit his claim to the treatment of white female employees, who are perhaps more likely to have filed discrimination charges. Thus the Court believes that Mr. Marks was attempting to distinguish between the treatment he received as a result of filing the discrimination charge, and the treatment received by other employees with similar health problems who had not filed discrimination charges, rather than, as GE claims, the treatment received by other, and white, employees who had filed discrimination charges.
In summary, if Mr. Marks was treated in an unlawful manner subsequent to filing his charge of discrimination with the EEOC, such treatment may have constituted a continuation of the alleged racial discrimination, or it may have constituted retaliation for his filing the charge, irrespective of his race. It is the opinion of this Court that the charge as prepared by Mr. Marks combines a claim of discrimination with a claim of retaliatory conduct, as evidenced by his reference to similarly situated white persons who received different treatment, and that the proof of unlawful retaliation may be shown by comparison of his situation with that of white persons with similar health problems, regardless of whether those persons had also previously filed charges against GE with the EEOC. The Court concedes that the claim as written by Mr. Marks is inartfully drawn. Nevertheless, whether it be read as stating a claim of racial discrimination, evidenced by differing treatment afforded persons of different races with similar medical problems, or as stating a claim of unlawful retaliation as evidenced by differing treatment afforded by Mr. Marks as opposed to other persons with similar health problems, regardless of race, who had not filed discrimination charges against GE, it is in either case a broader claim than GE would have the Court believe. Under either view, since comparative evidence relative to similarly situated employees who received differing treatment may be highly probative in employment discrimination cases, the Court finds that the information sought in the subpoena is relevant to the allegations contained in charge TMK 5-0994. See Parham v. Southwestern Bell, 433 F.2d 421 (8th Cir. 1970).
As for respondent's argument that enforcement of the subpoena would impose an undue burden on it, and that as a minimum form of relief the Court should order that the expense of production be borne by the applicant, this argument ignores the language of the subpoena, which itself provides GE with an alternative to production if production should be unduly burdensome. Thus each of items 2 through 4 in the subpoena permits the respondent to describe in detail the method and manner of storing the documents requested, and the persons having charge of them, as an alternative to production of the documents themselves. The Court does not decide whether the subpoena would be unduly burdensome did it not provide the alternative described. As written, however, the Court finds that it is not unduly burdensome and therefore that the respondent's request for reimbursement for the cost of compliance should be denied.
For the foregoing reasons,
IT IS ORDERED that the motion of the applicant United States Equal Employment Opportunity Commission for enforcement of the subpoena duces tecum issued on September 3, 1975, for the case of Elmore Marks, Jr. v. General Electric Company, Medical Systems Division, TMK 5-0994, as modified on April 9, 1976, is granted.
IT IS FURTHER ORDERED that the respondent General Electric Company, Medical Systems Division, comply with the subpoena within twenty (20) days from the date of this order.